**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 12-CR-95-LRR |
| vs. | **ORDER** |
| JUSTIN DAVIS, | |
| Defendant. | |

## I. INTRODUCTION

The matter before the court is Defendant Justin Davis's Objections (docket no. 30) to United States Magistrate Judge Jon S. Scoles's Report and Recommendation (docket no. 27), which recommends that the court deny Defendant's "Motion to Suppress" ("Motion") (docket no. 16).

## II. RELEVANT FACTUAL AND PROCEDURAL HISTORY[1]

On December 12, 2012, Officer Steve Warner was conducting surveillance on a vehicle known to be used by Defendant. Officer Warner observed Defendant's vehicle parked outside of the Cambridge apartment building in Cedar Rapids, Iowa, and he observed several individuals enter Apartment 5 and then leave within a few minutes of arriving. Officer Warner also observed Defendant exit Apartment 5, approach a parked vehicle and then return to Apartment 5. After observing this activity, Officer Warner requested a drug dog. Officer Jeff Gilson of the Marion Police Department and his trained drug dog, Bruno, responded to Officer Warner's request for assistance. Officer Gilson

---

[1] The court notes that Defendant does not object to any of Judge Scoles's factual findings. Accordingly, the court adopts Judge Scoles's factual summary in its entirety and shall provide only a brief summary here.

1

walked Bruno to the apartment building and directed Bruno to sniff the apartment doors located on the east side of the building. When Bruno reached the door to Apartment 5, Bruno alerted to the presence of narcotics. Thereafter, Officer Warner sought a warrant to search Apartment 5. In the search warrant application and supporting affidavit, Officer Warner described the suspicious comings-and-goings he observed and described the drug dog sniff. The magistrate judge found probable cause and issued a search warrant. During the subsequent search of the apartment, law enforcement discovered marijuana in the refrigerator and in a woman's coat pocket.

On December 19, 2012, the government filed an Indictment (docket no. 2) against Defendant. The Indictment charges Defendant with knowingly and intentionally possessing with the intent to distribute a mixture or substance containing a detectable amount of marijuana after having been previously convicted of one or more felony drug crimes. Such offense is a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D) and 851.

On January 16, 2013, Defendant filed the Motion, which seeks to exclude the evidence law enforcement obtained as a result of the search warrant on the basis that the drug dog's sniff constituted a warrantless search in violation of the Fourth Amendment. On January 18, 2013, the government filed a Resistance (docket no. 19). On January 29, 2013, Judge Scoles held a hearing on the Motion. *See* Minute Entry (docket no. 24). Defendant appeared in court with his attorney, Jane Kelly. Assistant United States Attorney Patrick J. Reinert represented the government. On February 5, 2013, Judge Scoles issued the Report and Recommendation, which recommends that the court deny the Motion. On February 6, 2013, the government filed a Response (docket no. 28) indicating that the government has no objections to the Report and Recommendation. On February 19, 2013, Defendant filed his Objections. The matter is fully submitted and ready for decision.

## III. STANDARD OF REVIEW

When a party files a timely objection to a magistrate judge's report and recommendation, a "judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge must consider de novo any objection to the magistrate judge's recommendation."); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (noting that a district judge must "undertake[] a de novo review of the disputed portions of a magistrate judge's report and recommendations"). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions."). It is reversible error for a district court to fail to engage in a de novo review of a magistrate judge's report when such review is required. *Lothridge*, 324 F.3d at 600. Accordingly, the court reviews the disputed portions of the Report and Recommendation de novo.

## IV. ANALYSIS

In the Report and Recommendation, Judge Scoles concluded that the drug dog's sniff of the door to Apartment 5 was not a search and, consequently, there was no Fourth Amendment violation. Alternatively, Judge Scoles determined that, "even if evidence regarding the dog sniff was removed from the [search warrant] application, it would nonetheless support a finding of probable cause." Report and Recommendation at 11 (emphasis removed). Finally, Judge Scoles found that, even if there were a Fourth Amendment violation, the *Leon* good-faith exception applies.

Defendant objects to each of Judge Scoles's legal conclusions. First, Defendant argues that the drug dog's sniff constitutes a warrantless search in violation of the Fourth

3

Amendment. Second, Defendant contends that, if the court omits reference to the drug dog sniff from the search warrant application, there would be no probable cause to believe that contraband was located in Apartment 5. Finally, Defendant objects to Judge Scoles's conclusion that the *Leon* good-faith exception applies. Specifically, Defendant contends "that, when evidence obtained in violation of the Fourth Amendment is used to obtain a search warrant, the independent source doctrine applies, and the *Leon* good faith exception does not." Objections at 5. Because Defendant contends that the independent-source doctrine does not apply under the facts of this case, he argues that the court must exclude the fruits of the illegal search.

After conducting a de novo review of the record, the court finds that Judge Scoles correctly concluded that the *Leon* good-faith exception applies and, thus, exclusion of the evidence law enforcement discovered during the search is not warranted. In *United States v. Leon*, 468 U.S. 897 (1984), the United States Supreme Court held that the exclusionary rule does not apply when a law enforcement officer obtains evidence in "reasonable reliance on a subsequently invalidated search warrant." *Id.* at 922. The Eighth Circuit Court of Appeals has held that the *Leon* good-faith exception applies when a search warrant is the fruit of an illegal search or seizure as long as the officer had an objectively reasonable belief that the prewarrant search or seizure was lawful. *See United States v. Cannon*, 703 F.3d 407, 413 (8th Cir. 2013) ("We have applied *Leon* where, as here, the search warrant application cites information gathered in violation of the Fourth Amendment."); *United States v. Fletcher*, 91 F.3d 48, 51 (8th Cir. 1996) ("This circuit has held *Leon* applicable to the subsequent warrant-authorized search of a bag where the original detention violated the Fourth Amendment."); *United States v. White*, 890 F.2d 1413, 1419 (8th Cir. 1989) (finding that, although officers detained the defendant's luggage in violation of the Fourth Amendment, the evidence obtained as a result of the subsequent warrant-authorized search of the luggage was admissible under *Leon*); *see also*

*United States v. McClain*, 444 F.3d 556, 565 (6th Cir. 2005) (recognizing that there is a circuit split over whether "the good faith exception to the exclusionary rule can apply in a situation in which the affidavit supporting the search warrant is tainted by evidence obtained in violation of the Fourth Amendment" and joining the Second and Eighth Circuit Court of Appeals in holding that the good-faith exception can apply under such circumstances). The relevant inquiry is whether the officer's prewarrant conduct was "'close enough to the line of validity to make the officer's belief in the validity of the warrant objectively reasonable.'" *Cannon*, 703 F.3d at 413 (quoting *United States v. Conner*, 127 F.3d 663, 667 (8th Cir. 1997)).

In this case, for the reasons more fully stated in the Report and Recommendation, the court finds that the conduct of Officers Warner and Gilson was "'close enough to the line of validity to make [Officer Warner's] belief in the validity of the warrant objectively reasonable.'" *Id.* (quoting *Conner*, 127 F.3d at 667). Officers Warner and Gilson could have reasonably believed that the dog sniff at the door to Apartment 5 was lawful in light of the Eighth Circuit's decision in *United States v. Scott*, 610 F.3d 1009 (8th Cir. 2010). In *Scott*, the Eighth Circuit held that a dog "sniff of [an] apartment door frame from a common hallway did not constitute a search subject to the Fourth Amendment." *Id.* at 1016. Although the Supreme Court's decision in *Florida v. Jardines*, No. 11-564, ___ U.S. ___, 2013 WL 1196577 (Mar. 26, 2013),[2] may call into question the validity of *Scott*, the Supreme Court decided *Jardines* after the conduct at issue in this case. Thus, Officers Warner and Gilson could have reasonably believed that their conduct was lawful. *See Davis v. United States*, ___ U.S. ___, ___, 131 S. Ct. 2419, 2423-24 (2011) ("[S]earches conducted in objectively reasonable reliance on binding appellate precedent are not subject

---

[2] In *Jardines*, the Supreme Court held that "[t]he government's use of trained police dogs to investigate [a] home and its immediate surroundings is a 'search' within the meaning of the Fourth Amendment." *Jardines*, 2013 WL 1196577, at *7.

to the exclusionary rule."); *see also United States v. Tschacher*, 687 F.3d 923, 933 (8th Cir. 2012) (same).

Defendant's argument regarding the independent-source doctrine does not alter the court's conclusion. Even if the independent-source doctrine does not apply, as Defendant contends, Defendant cites to no authority suggesting that such a finding precludes application of the *Leon* good-faith exception. *See Cannon*, 703 F.3d at 415 n.3 (finding that, because *Leon* applied, the court "need not determine whether the independent source doctrine may also apply"); *see also McClain*, 444 F.3d at 564-65 (finding that, although the independent-source doctrine was inapplicable, the *Leon* good-faith exception applied).

Thus, the court finds that the *Leon* good-faith exception applies and, therefore, exclusion of the evidence law enforcement obtained during the December 12, 2012 search is not warranted. Because the court finds that the *Leon* good-faith exception applies, it need not address Defendant's other objections. *See Cannon*, 703 F.3d at 412 (assuming without deciding that there was a Fourth Amendment violation but concluding that the evidence was nevertheless admissible under the *Leon* good-faith exception).

### V. CONCLUSION

In light of the foregoing, it is hereby **ORDERED**:

(1) The Objections (docket no. 30) are **OVERRULED**;

(2) The Report and Recommendation (docket no. 27) is **ADOPTED IN PART**; and

(3) The Motion (docket no. 16) is **DENIED**.

**DATED** this 16th day of April, 2013.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA